# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| BEE WAREHOUSE, LLC; <br> DAVIS PRODUCT CREATION <br> AND CONSULTING, LLC d/b/a <br> BEESNTHINGS, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN BLAZER d/b/a <br> CARPENTER BEE SOLUTIONS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action Number: _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Bee Warehouse, LLC ("Bee Warehouse") and Davis Product Creation and Consulting, LLC d/b/a BeesNThings ("DPCC") (collectively, Bee Warehouse and DPCC may be referred to herein as "Plaintiffs"), by and through its undersigned counsel, file this complaint for declaratory and injunctive relief against Defendant Brian Blazer d/b/a Carpenter Bee Solutions ("Blazer"), and show the Court as follows:

### Nature of the Action

1. Plaintiffs seek declaratory and injunctive relief regarding the non-infringement of U.S. Patent Reissue No. 46,421 (the "'421 Patent," a true and correct

copy of which is attached hereto as Exhibit A) with respect to certain carpenter bee traps.

## Parties

2.  DPCC is a limited liability company organized and existing under the laws of the State of Alabama. DPCC sells, offers for sale and imports various models of insect traps, specifically, carpenter bee traps.

3.  Bee Warehouse is a limited liability company organized and existing under the laws of the State of Alabama. Among other things, Bee Warehouse is a distributor and retailer of carpenter bee traps manufactured by DPCC.

4.  Blazer is an adult individual residing in the State of Alabama with an address of 230 County Road 880, Heflin, Alabama 36264.

## Jurisdiction & Venue

5.  This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1338, 1331 and 2201 because the Complaint states claims arising under an Act of Congress relating to patents, including but not limited to 35 U.S.C. § 271, and seeks relief under the Federal Declaratory Judgment Act. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6.  Jurisdiction is also proper given the pending litigation between the some of the parties herein, Blazer's past litigious activities, claims of infringement by Blazer made against Bee Warehouse, as well as the past threats and bad faith

allegations made by Blazer concerning the scope of, and alleged infringement of, the '421 Patent.

7. This Court has personal jurisdiction over Blazer as he resides in the State of Alabama and regularly conducts business within this state and within the Northern District of Alabama.

Facts Common to All Counts

8. Blazer has a long history of claiming infringement of the '421 Patent (or the prior version of the '421 Patent, namely U.S. Patent No. 8,375,624) against any party who dares sell a carpenter bee trap. *See, e.g.*, *Brian Robert Blazer v. Best Bee Brothers LLC et al.* (Case No. 2:20-cv-00480-BHL [pending in the Eastern District of Wisconsin]); *Brian Blazer v. Lowe's Companies, Inc.* (Case No. 6:20-cv-00276-ADA [pending in the Western District of Texas]); *Brian Blazer d/b/a Carpenter Bee Solutions v. The Home Depot U.S.A., Inc.* (Case No. 6:20-cv-00285-ADA [pending in the Western District of Texas]); *Davis Product Creation and Consulting, LLC v. Blazer* (Case No. 1:19-cv-00848-CLM [pending in the Northern District of Alabama]); *Blazer v. Chrisman Mill Farms LLC* (Case No. 5:17-cv-00430-REW-MAS [filed in the Eastern District of Kentucky]); *Blazer v. Amazon.com, Inc.* (Case No. 1:15-cv-01063-SGC [filed in the Northern District of Alabama]); *Blazer v. Ebay Inc.* (Case No. 1:15-cv-01059-KOB [filed in the Northern

District of Alabama]) and finally *Blazer v. Chrisman Mill Farms LLC* (Case No. 1:17-cv-00320-VEH [filed in the Northern District of Alabama]).

9. DPCC and Blazer are currently involved in three (3) separate civil actions across the United States. Those include one (1) case DPCC filed against Blazer in Alabama styled *Davis Product Creation and Consulting, LLC v. Blazer* (Case No. 1:19-cv-00848-CLM [pending in the Northern District of Alabama]) (the "Alabama Action"), and two (2) cases Blazer filed against DPCC's customers/distributors in Texas styled *Brian Blazer v. Lowe's Companies, Inc.* (Case No. 6:20-cv-00276-ADA [pending in the Western District of Texas]) and *Brian Blazer d/b/a Carpenter Bee Solutions v. The Home Depot U.S.A., Inc.* (Case No. 6:20-cv-00285-ADA [pending in the Western District of Texas]) (the "Texas Actions"). True and correct copies of the complaints in the Texas Actions are attached hereto as Exhibits B and C, respectively. The Texas Actions were filed in 2020 and are currently stayed pending the resolution of the Alabama Action after DPCC intervened pursuant to the Federal Rules of Civil Procedure. The Texas Actions were filed after the Alabama Action and were meant to harass DPCC and its customers.

10. DPCC designed a new carpenter bee trap (based in part on Blazer's allegations of infringement in one of his other many lawsuits) which is sold by Bee

Warehouse, among others (the new trap will be referred to as the "Bee Warehouse Trap" herein for simplicity). The photos below show the Bee Warehouse Trap:















11. Bee Warehouse was selling/offering for sale the Bee Warehouse Trap on Amazon.com's market place until Blazer submitted a frivolous and bad-faith notice of infringement to Amazon claiming that the Bee Warehouse Trap infringed the '421 Patent. (*See* Exhibit D). Upon information and belief, Blazer failed to conduct any reasonable investigation into whether the Bee Warehouse Trap actually infringed the '421 Patent.

12. Upon information and belief, as part of the terms of Blazer's prior infringement suit against Amazon, Amazon provided Blazer an expedited process that allows Blazer, or someone acting on his behalf, to remove allegedly infringing

items from Amazon that is not available to the general public. *See, e.g.*, Exhibit E, a true and correct copy of Blazer's complaint in the case styled Brian Robert Blazer v. Best Bee Brothers LLC *et al.* (Case No. 2:20-cv-00480-BHL [pending in the Eastern District of Wisconsin]), at ¶ 15. Upon information and belief, this process allows Blazer to remove allegedly infringing items from Amazon without any substantial review or oversight from Amazon. Upon information and belief, this expedited process requires the victim to request that the complaint be removed directly from the alleged rights owner and if the alleged rights owner refuses, as Blazer has done, the victim is forced to seek action from the courts.

13. The Court in the Alabama Action recently issued a claim construction ruling defining several terms in the '421 Patent. (*See* Exhibit F, a true and correct copy of the Claim Construction Order).

14. Notably, in the Claim Construction Order, the Court defined, "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light." *Id.* at pp. 11-21.

15. The Court defined "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light" as a means-plus-function claim and found that the only structure capable of performing the function recite in that claim is the overhanging roof taught in the '421 Patent. *Id.* at p. 12.

16. The Federal Circuit Court of Appeals, in another litigation involving the '421 Patent, recently construed the term "receptacle adapter as "a structure configured to receive and help retain a receptacle." (*See* Exhibit G, a true and correct copy of the Federal Circuit's Opinion at pp. 2,11).

17. Claim 1 of the '421 Patent requires that an infringing bee trap comprise both a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light and a receptacle adapter.

18. As shown above, the Bee Warehouse Trap does not contain "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light" which requires an overhanging roof.

19. In addition, the Bee Warehouse Trap does not contain a receptacle adapter as defined by the Federal Circuit. Rather, the receptacle of the Bee Warehouse Trap is secured to the trap entrance unit via two (2) screws as clearly shown above.

20. Accordingly, for at least these reasons above, the Bee Warehouse Trap does not infringe claim 1 of the '421 Patent or any claim that depends therefrom.

21. Furthermore, claim 13 of the '421 Patent requires that an infringing trap comprise a receptacle adapter located at the exit opening of the trap entrance unit, wherein the receptacle adapter is adapted to receive at least one receptacle. The Bee

Warehouse Trap likewise does not comprise such a limitation and thus, for at least this reason alone, does not infringe claim 13 or any claims that depend therefrom.

22. Counsel for the Plaintiffs asked Blazer to withdraw his claim of infringement to Amazon and he refused. (*See* Exhibits H and I, respectively). Rather, he resorted to conspiracy theory like rantings about animal killings and Chinese crime lords. (*Id.*)

23. Blazer's actions with Amazon continue to prevent DPCC from selling any item on Amazon, removing DPCC from a significant marketplace. Blazer's actions have prevented Bee Warehouse from selling an obviously non-infringing bee trap on Amazon.

24. Blazer's actions are anti-competitive and amount to patent misuse.

### Count I – Declaratory Judgment

25. Plaintiffs hereby incorporate paragraphs 1 through 24, inclusive, as if fully set forth herein.

26. There is an actual and justiciable controversy, which is both real and substantial, regarding Plaintiffs' right to sell or offer for sale the Bee Warehouse Trap, both on Amazon and elsewhere.

27. Pursuant to 28 U.S.C. § 2201, Plaintiffs ask the Court to declare that DPCC, its retailers and its distributors (including without limitation, Bee

Warehouse), have the right to sell the Bee Warehouse Trap both on Amazon and elsewhere.

## Count II – Injunctive Relief

28.     Plaintiffs hereby incorporates paragraphs 1 through 24, inclusive, as if fully set forth herein.

29.     Blazer's actions as set forth above impede Plaintiffs' efforts to lawfully sell the Bee Warehouse Trap on Amazon and elsewhere.

30.     Plaintiffs lack an adequate remedy at law.

31.     Plaintiffs are likely to prevail in this case and/or has at least a reasonable chance of success on the merits in this case.

32.     Any hardship imposed on Blazer by an injunction as requested herein would not unreasonably outweigh the benefits accruing to Plaintiffs.

33.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction against Blazer prohibiting him from seeking to remove the Bee Warehouse Trap from selling on Amazon, any similar online platform or any other distribution channel.

## Count III – Tortious Interference with Business/Contract Relations

34.     Plaintiffs hereby incorporates paragraphs 1 through 24, inclusive, as if fully set forth herein.

35. Blazer has made bad faith allegations of infringement concerning the Bee Warehouse Trap despite being informed of the clear non-infringement of the Bee Warehouse Trap.

36. Bee Warehouse had a business or contractual relationship with Amazon of which Blazer were aware and to which Blazer was a stranger.

37. Blazer intentionally interfered with Bee Warehouse's business or contractual relationship with Amazon by claiming infringement of the '421 Patent and refusing to withdraw said claim.

38. Bee Warehouse has suffered and will continue to suffer damages as a result of Blazer's and/or his agents' actions.

<u>Count IV – Violation of Ala. Code § 8-12A-1 *et seq.* (1975)</u>

39. Plaintiffs hereby incorporates paragraphs 1 through 24, inclusive, as if fully set forth herein.

40. Blazer has made bad faith claims of infringement of the '421 Patent in violation of Ala. Code § 8-12A-2 (1975).

41. Bee Warehouse has suffered and will continue to suffer damages as a result of Blazer's actions.

<u>Count V - Invalidity</u>

42. Plaintiffs hereby incorporates paragraphs 1 through 24, inclusive, as if fully set forth herein.

43. The '421 Patent is invalid under the "original patent rule" set forth in 35 U.S.C. § 251.

44. During the prosecution of the '421 Patent, Blazer removed two (2) limitations from the new claims added during the reissue application process thus impermissibly broadening the scope of the claims in the '421 Patent when compared to his original patent. Namely, during the reissue process, Blazer removed two (2) limitations from the new independent claim 13: first, that the receptacle adapter and receptacle be on the bottom of the bee trap (or trap unit), and second, that the receptacle be "clear or translucent."

45. Accordingly, the '421 Patent violates the original patent rule codified in 35 U.S.C. § 251.

## Jury Demand

46. Plaintiffs demand a trial by jury on all issues so triable.

## Prayer For Relief

47. Plaintiffs respectfully request the following relief:

    a. A declaratory judgment providing that DPCC, its retailers and its distributors (including Bee Warehouse) have the right to sell the Bee Warehouse Trap both on Amazon, any similar online platform or any other distribution;

    b. A declaratory judgment providing that the Bee Warehouse Trap does not infringe the '421 Patent;

      c.      A preliminary and permanent injunction against Blazer prohibiting him from seeking to remove the Bee Warehouse Trap from selling on Amazon, any similar online platform or any other distribution channel;

      d.      An adjudication that Blazer has tortiously interfered with Plaintiffs' business and/or contractual relations and Plaintiffs are entitled to compensatory and punitive damages therefor in an amount to be determined at trial;

      e.      An adjudication that Blazer has violated Ala. Code § 8-12A-1 et seq. (1975) and is entitled to compensatory and exemplary damages therefor in an amount to be determined at trial plus attorneys' fees and costs;

      f.      An adjudication that the '421 Patent is invalid for violating the original patent rule codified in 35 U.S.C. § 251;

      g.      A judgment declaring that this case is exceptional and awarding DPCC its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285; and

      h.      Such other and further relief as the Court deems just and proper.

*S/C. Gregory Burgess*
C. Gregory Burgess (ASB-1519-R79C)
Jeremy A. Smith (ASB-1731-J73S)

**Attorneys for plaintiffs Davis Product Creation and Consulting, LLC d/b/a BeesNThings & Bee Warehouse, LLC**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087 (35804)
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email: cgb@lanierford.com
          jas@lanierford.com


**Defendant is to be served at the following address by special process server:**

Brian Blazer
d/b/a Carpenter Bee Solutions
230 County Road 880
Heflin, Alabama 36264