FILED
2023 Feb-07 PM 05:17
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

2023 FEB -7  A 10: 20

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| BEE WAREHOUSE, LLC, and DAVIS PRODUCT CREATION AND CONSULTING, LLC, d/b/a BEESNTHINGS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv-01623-CLM |
| BRIAN BLAZER, d/b/a CARPENTER BEE SOLUTIONS, | ) ) ) | Hon. Corey L. Maze |
| Defendant. | ) | |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### ANSWER

Defendant Brian Blazer ("Defendant" or "Blazer"), for his Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") of Plaintiffs Bee Warehouse, LLC ("Bee Warehouse") and Davis Products Creation and Consulting, LLC, d/b/a BeesNThings ("DPCC") (collectively, "Plaintiffs") denies each and every allegation set forth in that Complaint and s not specifically and expressly admitted herein, and states as follows:

## Nature of the Action

1. Plaintiffs seek declaratory and injunctive relief regarding the noninfringement of U.S. Patent Reissue No. 46,421 (the "'421 Patent," a true and correct copy of which is attached hereto as Exhibit A) with respect to certain carpenter bee traps.

**ANSWER:** Defendant admits that Plaintiffs purport to state causes of action for declaratory and injunctive relief regarding their infringement of Defendant's U.S. Patent No. RE46,421 ("the '421 patent"). Defendant denies that Plaintiffs' have stated causes of action entitling them to any of the relief they purport to seek by their Complaint. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 1 of Plaintiffs' Complaint and demands strict proof thereof.

## Parties

2. DPCC is a limited liability company organized and existing under the laws of the State of Alabama. DPCC sells, offers for sale and imports various models of insect traps, specifically, carpenter bee traps.

**ANSWER:** Defendant admits that DPCC offers for sale and imports into the United States carpenter bee traps. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the remaining allegations set forth in Paragraph 2 of Plaintiffs' Complaint and therefore denies all of them and demands strict proof thereof.

3. Bee Warehouse is a limited liability company organized and existing under the laws of the State of Alabama. Among other things, Bee Warehouse is a distributor and retailer of carpenter bee traps manufactured by DPCC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of Plaintiffs' Complaint and therefore denies the same and demands strict proof thereof. Further answering, Plaintiffs do not allege in Paragraph 2 of their Complaint that DPCC manufactures carpenter bee traps. Accordingly, on information and belief and based on Plaintiffs' allegations in their Complaint, Defendant denies that Bee Warehouse is a distributor and retailer of carpenter bee traps manufactured by DPCC.

4. Blazer is an adult individual residing in the State of Alabama with an address of 230 County Road 880, Heflin, Alabama 36264.

**ANSWER:** Defendant admits the allegations set fort in Paragraph 4 of Plaintiffs' Complaint.

### Jurisdiction & Venue

5. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1338, 1331 and 2201 because the Complaint states claims arising under an Act of Congress relating to patents, including but not limited to 35 U.S.C. § 271, and seeks relief under the Federal Declaratory Judgment Act. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Defendant admits that Count V of Plaintiffs' Complaint purports to state a claim under the Patent Act of the United States, Title 35, United

States Code. Defendant further admits that this Court is a proper venue for this action. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 5 of Plaintiffs' Complaint and demands strict proof thereof.

> 6. Jurisdiction is also proper given the pending litigation between the some [*sic*] of the parties herein, Blazer's past litigious activities, claims of infringement by Blazer made against Bee Warehouse, as well as the past threats and bad faith allegations made by Blazer concerning the scope of, and alleged infringement of, the '421 patent.

**ANSWER:** Defendant admits that Plaintiff DPCC previously filed a lawsuit in this judicial district to which Plaintiff Bee Warehouse is not a party but naming Defendant as a Defendant in that lawsuit. *See Davis Product Creation and Consulting, LLC, d/b/a BeesNThings v. Brian Blazer, d/b/a Carpenter Bee Solutions*, Civil Action No. 1:19-cv-00848-CLM (N.D. Ala.). Defendant further admits that he asserted a claim of infringement of his '421 patent by Plaintiff Bee Warehouse. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 6 of Plaintiffs' Complaint and demands strict proof thereof.

> 7. This Court has personal jurisdiction over Blazer as he resides in the State of Alabama and regularly conducts business within this state and within the Northern District of Alabama.

**ANSWER:** Defendant admits that this Court has personal jurisdiction over him because he is a resident of the State of Alabama.

## Facts Common to All Counts

8. Blazer has a long history of claiming infringement of the '421 Patent (or the prior version of the '421 Patent, namely U.S. Patent No. 8,375,624) against any party who dares sell a carpenter bee trap. *See, e.g., Brian Robert Blazer v. Best Bee Brothers LLC et al.* (Case No. 2:20-cv-00480-BHL [pending in the Eastern District of Wisconsin]); *Brian Blazer v. Lowe's Companies, Inc.* (Case No. 6:20-cv-00276-ADA [pending in the Western District of Texas]); *Brian Blazer d/b/a Carpenter Bee Solutions v. The Home Depot U.S.A., Inc.* (Case No. 6:20-cv-00285-ADA [pending in the Western District of Texas]); *Davis Product Creation and Consulting, LLC v. Blazer* (Case No. 1:19-cv-00848-CLM [pending in the Norther District of Alabama]); *Blazer v. Chrisman Mill Farms LLC* (Case No. 5:17-cv-00430-REW-MAS [filed in the Eastern District of Kentucky]); *Blazer v. Amazon.com* (Case No. 1:15-cv-01059-KOB [filed in the Northern District of Alabama]); *Blazer v. Ebay Inc.* (Case No. 1:15-cv-01059-KOB [filed in the Northern District of Alabama]) and finally *Blazer v. Chrisman Mill Farms LLC* (Case No. 1:17-cv-00320-VEH [filed in the Northern District of Alabama]).

**ANSWER:** Defendant admits that, as the owner of all right, title, and interest in the '421 patent and its predecessor patent from which it was reissued, U.S. Patent No. 8,375,624 ("the '624 patent"), he has the right to enforce those patents and to exclude others from practicing his invention during the term of those patents. Defendant further admits that he has been forced to exercise that right through litigation in several lawsuits, including the following: *Brian Robert Blazer v. Best Bee Brothers LLC et al.*, Civil Action No 2:20-cv-00480-BHL (E.D. Wis.); *Brian Blazer v. Lowe's Companies, Inc.*, Civil Action No. 6:20-cv-00276-ADA (W.D. Tex.); *Brian Blazer d/b/a Carpenter Bee Solutions v. The Home Depot U.S.A., Inc.*, Civil Action No. 6:20-cv-00285-ADA (W.D. Tex.); *Blazer v.*

*Chrisman Mill Farms LLC*, Civil Action No. 5:17-cv-00430-REW-MAS (E.D. Ky.); *Blazer v. Amazon.com, Inc.*, Civil Action No. 1:15-cv-01063-SGC (N.D. Ala.); *Blazer v. Ebay Inc.*, Civil Action No. 1:15-cv-01059-KOB (N.D. Ala.); and *Blazer v. Chrisman Mill Farms LLC*, Civil Action No. 1:17-cv-00320-VEH (N.D. Ala.). Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 8 of Plaintiffs' Complaint and demands strict proof thereof.

9. DPCC and Blazer are currently involved in three (3) separate civil actions across the United States. Those include one (1) case DPCC filed against Blazer in Alabama styled *Davis Product Creation and Consulting, LLC v. Blazer* (Case No. 1:19-cv-00848-CLM [pending in the Northern District of Alabama]) (the "Alabama Action"), and two (2) cases filed against DPCC's customers/ distributors in Texas styled Brian Blazer v. Lowe's Companies, Inc. (Case No. 6:20-cv-00276-ADA [pending in the Western District of Texas]) amd *Brian Blazer d/b/a Carpenter Bee Solutions v. The Home Depot U.S.A., Inc.* (Case No 6:20-cv-00285-ADA [pending in the Western District of Texas]) (the "Texas Actions"). True and correct copies of the complaints in the Texas Actions are attached hereto as Exhibits B and C, respectively. The Texas Actions are currently stayed pending the resolution of the Alabama Action after DPCC intervened pursuant to the Federal Rules of Civil Procedure. The Texas Actions were filed after the Alabama Action and were meant to harass DPCC and its customers.

**ANSWER:** Defendant admits that DPCC filed a lawsuit against Defendant in the U.S. District Court for the Northern District of Alabama in Case No. 1:19-cv-00848-CLM, which Plaintiffs denominate for purposes of their Complaint at the "Alabama Action." Defendant admits that he subsequently filed lawsuits in the

11. Bee Warehouse was selling/offering for sale the Bee Warehouse Trap on Amazon.com's market place until Blazer submitted a frivolous and bad-faith notice of infringement to Amazon claiming that the Bee Warehouse Trap infringed the '421 Patent. (*See* Exhibit D). Upon information and belief, Blazer failed to conduct any reasonable investigation into whether the Bee Warehouse Trap actually infringed the '421 Patent.

**ANSWER:** Defendant admits that Bee Warehouse was offering for sale and selling the so-called Bee Warehouse Trap on Amazon.com and that Defendant, as the owner of all right, title, and interest in the '421 patent and with a good faith and reasonable belief that the Bee Warehouse Traps infringes claims of that patent, notified Amazon.com of this infringing activity pursuant to Amazon's intellectual property policies. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

certain disputed terms of the claims of the '421 patent. Defendant further admits that Exhibit F to Plaintiffs' Complaint purports to be a copy of the Court's Claim Construction Order in the Alabama Action. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 13 of Plaintiffs' Complaint and demand strict proof thereof.

> 14.Notably, in the Claim Construction Order, the Court defined, "a means to shelter an entrance to the hole is provided to reduce the admittance of ambient light." *Id.* at pp. 11-21.

**ANSWER:** Defendant admits that, among the limitations of the '421 patent claims that were construed by the Count in the Alabama Action was "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light." Further answering, Defendant states that, notably, "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light" is *not* a limitation included in claim 13 of the '421 patent and the claims that depend therefrom, and thus, to infringe claim 13 or its dependent claims—that is, to infringe the '421 patent—an accused product does not need to include any structure comprising "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light." Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 14 of Plaintiffs' Complaint and demands strict proof thereof.

15. The Court defined "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light" as a means-plus-function claim and found that the only structure capable of performing the function recite in that claim is the overhanging roof taught in the '421 Patent. *Id.* at p. 12.

**ANSWER:** Defendant admits that the Court in the Alabama Action issued a Claim Construction Order on December 14, 2020, construing, among other things, certain disputed terms of the claims of the '421 patent. (*See* Case No. 1:19-cv-00848-CLM (N.D. Ala.), Doc. 67.) Defendant further admits that one of the claim limitations of the '421 patent that was construed by the Court in the Alabama Action was "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light," and that Court's construction of that limitation is currently the law of that case and is set forth in its Claim Construction Order. Because that Court's Claim Construction Order is currently the law of that case, Plaintiffs' interpretation of that construction is not a factual allegation and no answer thereto is required. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 15 of Plaintiffs' Complaint and demands strict proof thereof.

16. The Federal Circuit Court of Appeals, in another litigation involving the '421 Patent, recently construed the term "receptacle adapter [*sic*] as "a structure configured to receive and help retain a receptacle." (*See* Exhibit G, a true and correct copy of the Federal Circuit's Opinion at pp. 2,11 [*sic*]).

**ANSWER:** Defendant admits that, in its opinion in Appeal No. 2022-1033, captioned *Brian Robert Blazer, dba Carpenter Bee Solutions v. Best Bee Brothers*

*LLC, RSP Inc.*, the United States Court of Appeals for the Federal Circuit construed the "receptacle adapter" limitation of all claims of the '421 patent as "a structure configured to receive and help retain a receptacle." Defendant further admits that Exhibit G to Plaintiffs' Complaint purports to be a copy of the opinion entered by the U.S. Court of Appeals for the Federal Circuit in Appeal No. 2022-1033. Further answering, Defendant states that the construction of "receptacle adapter" entered by the U.S. Court of Appeals for the Federal Circuit is the law of the case in the Alabama Action and Plaintiffs' interpretation of that construction is not a factual allegation to which an answer is required. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 16 of Plaintiffs' Complaint and demands strict proof thereof.

> 17. Claim 1 of the '421 Patent requires that an infringing bee trap comprise both a means to shelter an entrance to said hole is provided to reduce admittance of ambient light and a receptacle adapter.

**ANSWER:** Defendant admits that claim 1 of the '421 patent recites several limitations comprising Defendant's invention, including "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light" and a "receptacle adapter." Further answering, Defendant states that, while all of the claims of the '421 patent require a "receptacle adapter," none of independent claim 13 and claims 14, 15, 17, 18, 19, 20, and 21, all of which depend from claim 13, require "a means to shelter an entrance to said hole is provided to reduce the

admittance of ambient light." Thus, to infringe any of claims 13, 14, 15, and 17

through 20, inclusive, of the '421 patent, and therefore, to infringe the '421 patent,

a carpenter bee trap need not include a "a means to shelter an entrance to said hole

is provided to reduce the admittance of ambient light."

> 18. As shown above, the Bee Warehouse Trap does not contain "a
> means to shelter an entrance to said hole is provided to reduce the
> admittance of ambient light," which requires an overhanging roof.

**ANSWER:** Defendant admits that the pictures included in Plaintiffs'

Complaint appear to depict a carpenter bee traps without an overhanging roof.

Except for those allegations specifically and expressly admitted, Defendant denies

each and every other allegation set forth in Paragraph 18 of Plaintiffs' Complaint

and demands strict proof thereof.

> 19. In addition, the Bee Warehouse Trap does not contain a
> receptacle adapter as defined by the Federal Circuit. Rather, the
> receptacle of the Bee Warehouse Trap is secured to the trap entrance
> unit via two (2) screws as clearly shown above.

**ANSWER:** Defendant denies each and every allegation set forth in

Paragraph 19 of Plaintiffs' Complaint and demands strict proof thereof.

> 20. Accordingly, for at least these reasons above, the Bee
> Warehouse Trap does not infringe claim 1 of the '421 Patent or any
> claim that depends therefrom.

**ANSWER:** Defendant denies each and every allegation set forth in

Paragraph 20 of Plaintiffs' Complaint and demands strict proof thereof.

21.Furthermore, claim 13 of the '421 Patent requires that an infringing trap comprise a receptacle adapter located at the exit opening of the trap entrance unit, wherein the receptacle adapter is adapted to receive at least one receptacle. The Bee Warehouse Trap likewise does not comprise this limitation and thus, for this reason alone, does not infringe claim 13 or any claims that depend therefrom.

**ANSWER:** Defendant admits that claim 13 of the '421 patent recites that a carpenter bee trap of the invention must include a receptacle adapter. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 21 of Plaintiffs' Complaint and demands strict proof thereof.

22.Counsel for the Plaintiffs asked Blazer to withdraw his claim of infringement to Amazon and he refused. (*See* Exhibits H and I, respectively). Rather he resorted to conspiracy theory like rantings about animal killings and Chinese crime lords. (*Id.*)

**ANSWER:** Defendant admits that counsel for Plaintiffs demanded that Defendant withdraw his claim of infringement of the '421 patent to Amazon and that Defendant refused to do so. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 22 of Plaintiffs' Complaint and demands strict proof thereof.

23. Blazer's actions with Amazon continue to prevent DPCC from selling any item on Amazon, removing DPCC from a significant marketplace. Blazer's actions have prevented Bee Warehouse from selling an obviously non-infringing bee trap on Amazon.

**ANSWER:** Defendant denies each and every allegation set forth in Paragraph 23 of Plaintiffs' Complaint and demands strict proof thereof.

24. Blazer's actions are anti-competitive and amount to patent misuse.

**ANSWER:** Defendant denies each and every allegation set forth in Paragraph 24 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT I – Declaratory Judgment

25. Plaintiffs hereby incorporate paragraphs 1 through 24, inclusive, as if fully set forth herein.

**ANSWER:** Defendant repeats, realleges, and incorporates his answers to Paragraphs 1 through 24, inclusive, of Plaintiffs' Complaint as if fully set forth herein.

26. There is an actual and justiciable controversy, which is both real and substantial, regarding Plaintiffs' right to sell or offer for sale the Bee Warehouse Trap, both on Amazon and elsewhere.

**ANSWER:** To the extent Plaintiffs recite legal opinions and/or conclusions in Paragraph 26 of their Complaint, these are not factual allegations requiring an answer by Defendant. Defendant denies any and all factual allegations set forth in Paragraph 26 of Plaintiffs' Complaint and demands trict proof thereof.

27. Pursuant to 28 U.S.C. § 2201, Plaintiffs ask the Court to declare that DPCC, its retailers and its distributors (including without limitation, Bee Warehouse), have the right to sell the Bee Warehouse Trap both on Amazon and elsewhere.

**ANSWER:** To the extent Plaintiffs recite legal opinions and/or conclusions in Paragraph 27 of their Complaint, these are not factual allegations requiring an answer by Defendant. Defendant denies any and all factual allegations set forth in Paragraph 27 of Plaintiffs' Complaint and demands trict proof thereof. Further answering, Defendant states that the allegations of Paragraph 27 are ambiguous as to the nature of the right Plaintiffs ask the Court to declare. Plaintiffs have not alleged in their Complaint that the Court has personal jurisdiction over "Amazon and elsewhere," such that the Court might issue legally binding declarations and/or orders to "Amazon and elsewhere" requiring that those entities recognize an undefined and ambiguous "right" of Plaintiff DPCC and "its retailers and distributors" to sell "the Bee Warehouse Trap both on Amazon and elsewhere."

### Count II – Injunctive Relief

28. Plaintiffs hereby incorporates [*sic*] paragraphs 1 through 24, inclusive, as if fully set forth herein.

**ANSWER:** Defendant repeats, realleges, and incorporates his answers to Paragraphs 1 through 24, inclusive, of Plaintiffs' Complaint as if fully set forth herein.

29. Blazer's actions as set forth above impede Plaintiffs' efforts to lawfully sell the Bee Warehouse Trap on Amazon and elsewhere.

**ANSWER:** Defendant denies each and every allegation set forth in Paragraph 29 of Plaintiffs' Complaint and demands strict proof thereof.

30. Plaintiffs lack an adequate remedy at law.

**ANSWER:** Defendant denies each and every allegation set forth in Paragraph 30 of Plaintiffs' Complaint and demands strict proof thereof. In particular, Defendant denies that Plaintiffs are entitled to any remedy, at law or otherwise.

31. Plaintiffs are likely to prevail in this case and/or has [sic] at least a reasonable chance of success on the merits in this case.

**ANSWER:** To the extent Plaintiffs recite legal opinions and/or conclusions in Paragraph 31 of their Complaint, these are not factual allegations requiring any answer by Defendant. Defendants deny any and all factual allegations set forth in Paragraph 31 of Plaintiffs' Complaint and demands strict proof thereof.

32. Any hardship imposed on Blazer by and injunction as requested herein would not unreasonably outweigh the benefits accruing to Plaintiffs.

**ANSWER:** To the extent Plaintiffs recite legal opinions and/or conclusions in Paragraph 32 of their Complaint, these are not factual allegations requiring any answer by Defendant. Defendants deny any and all factual allegations set forth in Paragraph 32 of Plaintiffs' Complaint and demands strict proof thereof.

33.Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction against Blazer prohibiting him from seeking to remove the Bee Warehouse Trap from selling on Amazon, any similar online platform or any other distribution channel.

**ANSWER:** To the extent Plaintiffs recite legal opinions and/or conclusions in Paragraph 33 of their Complaint, these are not factual allegations requiring any answer by Defendant. Defendants deny any and all factual allegations set forth in Paragraph 33 of Plaintiffs' Complaint and demands strict proof thereof.

### Count III – Tortious Interference with Business/Contract Relations

34.Plaintiffs hereby incorporates [*sic*] paragraphs 1 through 24, inclusive, as if fully set forth herein.

**ANSWER:** Defendant repeats, realleges, and incorporates his answers to Paragraphs 1 through 24, inclusive, of Plaintiffs' Complaint as if fully set forth herein.

35.Blazer has made bad faith allegations of infringement concerning the Bee Warehouse Trap despite being informed of the clear non-infringement of the Bee Warehouse Trap.

**ANSWER:** Defendant denies each and every allegation set forth in Paragraph 35 of Plaintiffs' Complaint and demands strict proof thereof.

36.Bee Warehouse had a business or contractual relationship with Amazon of which Blazer was aware and to which Blazer was a stranger.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 of Plaintiffs' Complaint regarding the alleged relationship between Plaintiff Bee

Warehouse and Amazon and therefore denies the same. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 36 of Plaintiffs' Complaint and demands strict proof thereof.

> 37. Blazer intentionally interfered with Bee Warehouse's business or contractual relationship with Amazon by claiming infringement of the '421 Patent and refusing to withdraw said claim.

**ANSWER:** Defendant admits that Bee Warehouse infringed claims of the '421 patent by offering to sell and selling the so-called Bee Warehouse Trap. Defendant further admits that, as the owner of all right, title, and interest in the '421 patent, he properly identified this infringement to Amazon in accordance with Amazon's intellectual property policies. Defendant admits that, because the so-called Bee Warehouse Trap infringes claims of the '421 patent, he refused to withdraw his assertion of infringement in response to Plaintiffs' demand. Except for those allegations specifically and expressly admitted, Defendant denies each and every other allegation set forth in Paragraph 37 of Plaintiffs' Complaint and demands strict proof thereof.

> 38. Bee Warehouse has suffered and will continue to suffer damages as a result of Blazer's and/or his agents' actions.

**ANSWER:** Defendant denies each and every allegation set forth in Paragraph 38 of Plaintiffs' Complaint and demands strict proof thereof.

**Count IV – Violation of Ala. Code § 8-12A-1 *et seq.* [*sic*] (1975)**

39. Plaintiffs hereby incorporates [*sic*] paragraphs 1 through 24, inclusive, as if fully set forth herein.

**ANSWER:** Defendant repeats, realleges, and incorporates his answers to Paragraphs 1 through 24, inclusive, of Plaintiffs' Complaint as if fully set forth herein.

40. Blazer has made bad faith claims of infringement of the '421 Patent in violation of Ala. Code § 8-12A-2 (1975).

**ANSWER:** To the extent Plaintiffs recite legal opinions and/or conclusions in Paragraph 40 of their Complaint, these are not factual allegations requiring any answer by Defendant. Defendants deny any and all factual allegations set forth in Paragraph 40 of Plaintiffs' Complaint and demands strict proof thereof.

41. Bee Warehouse has suffered and will continue to suffer damages as a result of Blazer's actions.

**ANSWER:** Defendant denies each and every allegation set forth in Paragraph 41 of Plaintiffs' Complaint and demands strict proof thereof.

**Count V – Invalidity**

42. Plaintiffs hereby incorporates [*sic*] paragraphs 1 through 24, inclusive, as if fully set forth herein.

**ANSWER:** Defendant repeats, realleges, and incorporates his answers to Paragraphs 1 through 24, inclusive, of Plaintiffs' Complaint as if fully set forth herein.

43. The '421 Patent is invalid under the "original patent rule" set forth in 35 U.S.C. § 251.

**ANSWER:** To the extent Plaintiffs recite legal opinions and/or conclusions in Paragraph 43 of their Complaint, these are not factual allegations requiring any answer by Defendant. Defendants deny any and all factual allegations set forth in Paragraph 43 of Plaintiffs' Complaint and demands strict proof thereof.

44. During the prosecution of the '421 Patent, Blazer removed two (2) limitations from the new claims added during the reissue application process thus impermissibly broadening the scope of the '421 Patent when compared to his original patent. Namely, during the reissue process Blazer removed two (2) limitations from the new independent claim 13: first, that the receptable adapter and receptacle be on the bottom of the bee trap (or trap unit), and second, that the receptacle be "clear or translucent."

**ANSWER:** To the extent Plaintiffs recite legal opinions and/or conclusions in Paragraph 44 of their Complaint, these are not factual allegations requiring any answer by Defendant. Defendants deny any and all factual allegations set forth in Paragraph 44 of Plaintiffs' Complaint and demands strict proof thereof.

45. Accordingly, the '421 Patent violates the original patent rule codified in 35 U.S.C. § 251.

**ANSWER:** To the extent Plaintiffs recite legal opinions and/or conclusions in Paragraph 45 of their Complaint, these are not factual allegations requiring any answer by Defendant. Defendants deny any and all factual allegations set forth in Paragraph 45 of Plaintiffs' Complaint and demands strict proof thereof.

## Jury Demand

46 Plaintiffs demand a trial by jury on all issues so triable.

**ANSWER:** Plaintiffs recite no factual allegations in Paragraph 46 of their Complaint and no answer to this paragraph is required.

## Prayer for Relief

47. Plaintiffs respectfully request the following relief:

a. A declaratory judgment providing that DPCC, its retailers and its distributors (including Bee Warehouse) have the right to sell the Bee Warehouse Trap on Amazon, any similar online platform or any other distribution;

b. A declaratory judgment providing that the Bee Warehouse Trap does not infringe the '421 Patent;

c. A preliminary and permanent injunction against Blazer prohibiting him from seeking to remove the Bee Warehouse Trap from selling on Amazon, any similar online platform or any other distribution channel;

d. An adjudication that Blazer has tortiously interfered with Plaintiffs' [*sic*] business and/or contractual relations and Plaintiffs [*sic*] are entitled to compensatory and punitive damages therefor in an amount to be determined at trial;

e. An adjudication that Blazer has violated Ala. Code § 8-12A-1 et seq. (1975) and is [*sic*] entitled to compensatory and exemplary damages therefor in an amount to be determined at trial plus attorneys' fees and costs;

f. An adjudication that the '421 Patent is invalid for violating the original patent rule codified in 35 U.S.C. § 251;

g. A judgement declaring that this case is exception and awarding DPCC [*sic*] its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285; and

h. Such other and further relief as the Court deems just and proper.

**ANSWER:** Defendant denies Plaintiffs are entitled any of the relief sought by their Complaint.

## AFFIRMATIVE DEFENSES

Defendant alleges and asserts the following defenses to the allegations and claims set forth in Plaintiffs' Complaint, and assumes and undertakes the burden of proving only those defenses deemed affirmative defenses by law, without regard to how such defenses are denominated here. In addition to those defenses set forth below, Defendant expressly reserve all defenses—affirmative defenses and otherwise—available under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may now exist or may be available in the future based upon discovery and further factual investigation in this case.

### First Affirmative Defense

Plaintiffs are not entitled to relief under their Complaint because they fail to state any claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs are not entitled to any relief under Counts I, II, III, and IV of Plaintiffs' Complaint because all of Defendant's conduct of which Plaintiffs complain and on which Plaintiffs purport to base each and every of their claims for relief in Counts I, II, III, and IV is justified because Plaintiffs have infringed and

continue to infringe valid and enforceable claims of Defendant's '421 patent by making, using, selling, offering to sell, and/or importing into the United States the so-called Bee Warehouse Trap.

### Third Affirmative Defense

Plaintiffs' claims for relief under their Complaint are barred, in whole or in part, or are otherwise limited, because Plaintiffs cannot prove they are entitled to increased damages pursuant to 35 U.S.C. § 284.

### Fourth Affirmative Defense

Plaintiffs' claims for relief under their Complaint are barred, in whole or in part, or are otherwise limited, because Plaintiffs cannot prove this is an exceptional case justifying an award of attorneys' fees against Defendant pursuant to 35 U.S.C. § 285.

### Fifth Affirmative Defense

Plaintiffs' claims for relief under their Complaint are barred, in whole or in part, or are otherwise limited by the doctrine of waiver and/or implied waiver.

### Sixth Affirmative Defense

Plaintiffs' claims for relief under their Complaint are barred, in whole or in part, or are otherwise limited by the equitable doctrine of laches.

### Seventh Affirmative Defense

Plaintiffs' claims for relief under their Complaint are barred, in whole or in part, or are otherwise limited by the equitable doctrine of estoppel.

### Eighth Affirmative Defense

Plaintiffs' claims for relief under their Complaint are barred, in whole or in part, or are otherwise limited by the doctrine of unclean hands.

### Ninth Affirmative Defense

Plaintiffs' claims for relief under their Complaint are barred, in whole or in part, or are otherwise limited by any and all applicable statutes of limitations.

### Prayer for Relief

Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety, with prejudice, and finds this case to be exceptional pursuant to 35 U.S.C. § 285, and award Defendant his reasonable attorneys' fees, costs, and expenses, and all such other and further relief as the Curt deems just and proper under the circumstances.

### <u>COUNTERCLAIM</u>

Defendant and Counterclaimant Brian Robert Blazer ("Blazer") hereby asserted these counterclaims against Plaintiffs/Counter-Defendants Bee Warehouse, LLC ("Bee Warehouse") and Davis Product Creation and Consulting,

LLC, d/b/a BeesNThings ("DPCC") (collectively, "Counter-Defendants"), as follow:

## Nature of the Action

1.　This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1, *et seq.*, to stop Counter-Defendants' on-going infringement of Blazer's U.S. Patent No. RE46,421 ("the '421 patent"), which is a reissue of U.S. Patent No. 8,375,624 ("the '624 patent"), and to award Blazer compensatory and exemplary damages, his reasonable attorneys' fees and costs, and injunctive relief for Counter-Defendants' willful infringement of Blazer's rights under the '421 patent.

## Parties

2.　On information and belief, Bee Warehouse is a limited liability company organized and existing under the laws of the State of Alabama, and has a principal place of business located at 17929 Orchards Lane, Fairhope, Alabama 36532. On information and belief, Bee Warehouse was formed on or about September 21, 2022, and Clifford Davis is its managing member and registered agent for service.

3.　On information and belief, DPCC is a limited liability company organized and existing under the laws of the State of Alabama, and has a principal place of business located at 4413 N Boulevard, Montgomery, Alabama 36110. On

information and belief, DPCC was formed on or about July 11, 2012, and Clifford Davis is its managing member and registered agent for service.

4.    Brian Blazer is an adult individual and is a resident and citizen of the State of Alabama, residing at 230 County Road 880, Heflin, Alabama 36264.

## Jurisdiction and Venue

5.    Blazer's counterclaims arise under the United States Patent Act, 35 U.S.C. §§ 1, *et seq.*, and this Court has jurisdiction over the subject matter of those claims under 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over each of Counter-Defendants Bee Warehouse and DPCC because both are citizens and residents of the State of Alabama, regularly conducting business within that State. Furthermore, Counter-Defendants Bee Warehouse and DPCC have submitted to the personal jurisdiction of this Court by bringing the instant lawsuit, Civil Action No. 1:22-cv-01623-CLM.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## Facts Common to All Claims

8.    On June 6, 2017, the United State Patent and Trademark Office issued U.S. Patent No. RE46,421 ("the '421 patent"), which is a reissue of U.S. Patent No. 8,375,624.

9.   Blazer is the owner, by assignment, of all right, title, and interest in the '421 patent.

10.   The '421 patent is presumed valid by law, is valid, and is currently in force.

11.   On June 3, 2019, DPCC filed a complaint against Blazer in the U.S. District Court for the Northern District of Alabama in Case No. 1:19-cv-00848-CLM, asserting, among other claims, causes of action for alleged tortious interference with business and contractual relations and a violation of Alabama Code §§ 8-12A-1, *et seq.* ("the DPCC Lawsuit"). These claims were based on Blazer's enforcement of his patent rights against infringing carpenter bee traps made, sold, offered for sale, and/or imported into the United States by DPCC. (*See* Civil Action No. 1:19-cv-00848-CLM, Dkt. 1 and 5.)

12.   The Court in the DPCC Lawsuit subsequently entered its Claim Construction Order in that case on December 14, 2020, by which, among other things, the Court construed certain limitations of the claims of Blazer's '421 patent whose meanings were in dispute. (*See id.*, Dkt. 67.)

13.   Among the '421 patent claim limitation construed by the Court in that Order was "receptacle adapter," a term that is present in all of the claims of Blazer's '421 patent. In its Claim Construction Order, the Court in the DPCC Lawsuit found that "receptacle adapter" was "a device that is part of the trap

entrance unit that receives and attaches the receptacle to the trap." (*See id.* at 17-21.)

14.    On February 2, 2021, DPCC filed a second lawsuit against Blazer in the U.S. District Court for the Northern District of Alabama in Case No. 1:21-cv-00166-CLM ("DPCC's Second Lawsuit"). In its complaint in this second lawsuit, DPCC asserted claims for declaratory judgment and injunctive relief arising from a concern by DPCC that Blazer would enforce his '421 patent rights against a new design carpenter bee trap that DPCC had begun selling, offering for sale, and importing into the United States. (*See* Civil Action No. 1:21-cv-00166-CLM, Dkt. 1.)

15.    This new design carpenter bee trap was, on information and belief, an earlier version of the so-called Bee Warehouse Trap that is the subject of Counter-Defendants' present lawsuit, i.e., Case No. 1:22-cv—01623-CLM. Accordingly, to avoid confusion and for ease of reference, Blazer shall refer to the new design carpenter bee trap that was at issue in DPCC's Second Lawsuit *and* the Bee Warehouse Trap at issue in the present lawsuit collectively as the "Bee Warehouse Trap."

16.    On May 7, 2021, the Court granted DPCC's motion to consolidate the DPCC Lawsuit and DPCC's Second Lawsuit into the original action, and

administratively closed DPCC's Second Lawsuit. (*See* Civil Action No. 1:19-cv-00848-CLM, Dkt. 79.)

17.    Blazer subsequently moved to dismiss the claims asserted by DPCC in its second lawsuit on grounds that the Court lacks jurisdiction over the subject matter of DPCC's claims because Blazer had never threatened to assert his '421 patent against the Bee Warehouse Trap. (*See* Civil Action No. 1:19-cv-00848-CLM, Dkt. 95 and 95.)

18.    On December 7, 2021, the Court denied Blazer's motion to dismiss and ordered DPCC to file an amended complaint incorporating all of its claims from the complaints in the DPCC Lawsuit and DPCC's Second Lawsuit. (*See* Civil Action No. 1:19-cv-00848-CLM, Dkt. 113.)

19.    DPCC filed its Consolidated Complaint on January 7, 2022 (*see* Civil Action No. 1:19-cv-00848-CLM, Dkt. 115), and Blazer filed his answer to the Consolidated Complaint on February 4, 2022 (*see* Civil Action No. 1:19-cv-00848-CLM, Dkt. 117.)

20.    For his answer to DPCC's claims for declaratory judgment and injunctive relief relating to the Bee Warehouse Trap, Blazer stated that the Bee Warehouse Trap did not infringe his '421 patent under the Court's claim construction, which was, at that time, the law of the case. However, Blazer expressly reserved his right to appeal the Court's Claim Construction Order and,

after such appeal, to assert infringement of the '421 patent by the Bee Warehouse Trap under a corrected construction of the disputed terms of the '421 patent claims. (*See* Civil Action No. 1:19-cv-00848-CLM, Dkt. 117, ¶ 59 at 37-38.)

21.    On November 16, 2022, the U.S. Court of Appeals for the Federal Circuit ("the Federal Circuit") issued its opinion and entered judgment in favor of Blazer in Appeal No. 2022-1033, which was an appeal from an unrelated lawsuit involving allegations of infringement of Blazer's '421 patent. In that opinion, the Federal Circuit construed the "receptacle adapter" limitation of Blazer's patent claims differently from the Court in the DPCC Lawsuit, holding that "receptacle adapter" is merely "a structure configured to receive and help retain a receptacle." (*See* Appeal No. 2022-1033 at 11.)

22.    On information and belief, Amazon revoked DPCC's selling privileges on that platform because of DPCC's repeated violations of Amazon's intellectual property policies. As a result, DPCC was no longer allowed o offer for sell or sell its products directly on Amazon.

23.    On information and belief, in an effort to get around Amazon's revocation of DPCC's selling privileges, DPCC's principal and managing member, Clifford Davis, formed another limited liability company—Counter-Defendant Bee Warehouse—on or about September 21, 2022.

24.     On information and belief, Mr. Davis formed Bee Warehouse for the purpose of selling DPCC's carpenter bee traps on Amazon, and after its formation, Bee Warehouse commenced to sell at least DPCC's Bee Warehouse Trap on Amazon.

25.     After the Federal Circuit entered judgment in Appeal No. 2022-1033 on November 16, 2022, Blazer conducted an analysis of the Bee Warehouse Trap and determined that, according to the correct construction of the "receptacle adapter" limitation, the Bee Warehouse Trap infringes claims of Blazer's '421 patent.

26.     In support of his analysis, Blazer prepared a claim chart identifying that each limitation of at least claim 13 of the '421 patent is present in the Bee Warehouse Trap.

27.     Pursuant to Amazon's intellectual property policy and as the owner of the rights in the '421 patent, Blazer contacted Amazon to request that the Bee Warehouse Trap be removed from Amazon's platform and submitting his claim chart and analysis in support of that request.

28.     On information and belief, upon review of Blazer's request and supporting claim chart, Amazon concluded that the Bee Warehouse Trap infringed Blazer's '421 patent and removed it from Amazon's platform.

## COUNT I
## Willful Infringement of U.S. Patent No. RE 46,421

29.     Blazer repeats, realleges, and incorporates his answers to Paragraphs 1 through 28, inclusive, of his Counterclaims as if fully set forth herein.

30.     Counter-Defendants Bee Warehouse and DPCC have infringed and are continuing to infringe at least claims 13 through 17 and 21 of the '421 patent by making, using, selling, offering to sell, and/or importing into the United States the so-called Bee Warehouse Trap, which includes: (1) a trap entrance unit formed of wood or a wood substitute; (2) an entrance hole on at least one side of the trap entrance unit that is sized and shaped to provide a primary attractant for carpenter bees and that extends, either horizontally or at an upward angle, from the outside of the trap entrance unit to an interior of the trap entrance unit; (3) an exit opening on the trap entrance unit that provides a path from the interior of the trap entrance unit; and (4) a receptacle adapter that is configured to receive and to help retain at least one receptacle and is adapted to allow at least some ambient light to enter the interior of the trap entrance unit via the exit opening, thereby providing a secondary attractant for carpenter bees.

31.     Counter-Defendants, by the acts complained of herein, and my making, using, selling, offering to sell, and/or importing into the United States products including the Bee Warehouse Trap that embody the invention claimed in the '421 patent, have in the past, do now, and will continue in the future to directly

infringe, contributorily infringe, and/or induce others to infringe the claims of the '421 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

32.    Counter-Defendants had actual knowledge of the '421 patent, as demonstrated by their claims and allegations in the DPCC Lawsuit and in the present lawsuit, and had actual knowledge that the Bee Warehouse Trap infringed claims of the '421 patent.

33.    Despite their knowledge of the '421 patent, Counter-Defendants have continued to willfully infringe and, upon information and belief, will continue to willfully infringe the claims of the '421 patent by making, using, selling, offering to sell, and/or importing into the United States products including the Bee Warehouse Trap unless the Court enjoins Counter-Defendants' infringing activities.

34.    Counter-Defendants' Bee Warehouse Trap has no substantial noninfringing use because its sole use is as a carpenter bee trap.

35.    By reasons of the acts of Counter-Defendants complained of herein, Blazer has suffered damage in an amount to be proved at trial.

36.    Further, Counter-Defendants threaten to continue to infringe the claims of the '421 patent as complained herein, all to Blazer's irreparable injury, unless restrained and enjoined. It would be difficult to ascertain the amount of compensation that would afford Blazer adequate relief for such future and

continuing infringement, and a multiplicity of judicial proceedings would be required to protect Blazer's rights in the '421 patent. Thus, Blazer does not have an adequate remedy at law to compensate him for the injuries threatened.

37.     Thus, Blazer is entitled to monetary damages adequate to compensate him for Counter-Defendants' infringement of the '421 patent under the Patent Act of the United States, 35 U.S.C. §§ 1, *et seq.*, including increased damages under 35 U.S.C. § 284, together with interest, costs, and attorneys' fee under 35 U.S.C. § 285, and is further entitled to preliminary and permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## Jury Demand

38.     Blazer demands a trial by jury on all issues so triable.

## Prayer for Relief

39.     WHEREFORE, Blazer respectfully requests that this Court enter judgment in his favor and against DPCC and prays the Court to award the following relief:

A. A judgment that Counter-Defendants have infringed the '421 patent;

B. An order temporarily, preliminarily, and permanently enjoining Counter-Defendants, their owners, member, officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, divisions, branches, attorneys,

representatives, privies, and all others acting in concert or participation with Counter-Defendants from infringing the '421 patent;

C. An order directing Counter-Defendants to deliver to Blazer for destruction or other disposition all products in their possession that infringe claims of the '421 patent;

D. An order directing Counter-Defendants to file with the Court and serve upon Blazer within thirty (30) days after entry of an order of injunction a report setting forth the manner and form in which Counter-Defendants have complied with the injunction;

E. An order awarding Blazer general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with the proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Cunter-Defendants' profits or gains of any kind from their acts of patent infringement;

F. An order awarding Blazer damages in the amount of a reasonable royalty for Counter-Defendants' infringement of Blazer's provisional rights pursuant to 35 U.S.C. § 154(d);

G. An order finding that Counter-Defendants' infringement of the claims of the '421 patent was willful, that this is an exceptional case, and awarding

Blazer enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

H. And order awarding Blazer all of its costs, including attorneys' fees, incurred in prosecuting his counterclaims in this action, including, without limitation, pursuant to 35 U.S.C. § 285 and all other applicable laws;

I. An order awarding Blazer pre-judgment and post-judgment interest; and

J. All such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

Date: February 4, 2023

Brian R. Blazer
230 County Road 880
Heflin, Alabama 36264

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the forgoing Defendant's Answer, Affirmative Defenses, and Counterclaims to Complaint for Declaratory and Injunctive Relief were served on this 4th day of February, 2023, by electronic mail transmission and by depositing the same in the United States mail, first class postage prepaid and properly addressed to the following counsel of record:

C. Gregory Burgess
Jeremy A. Smith
LANIER FORD SHAVER & PAYNE P.C.
Post Office Box 2087 (35804)
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
cgb@lanierford.com
jas@lanierford.com

Brian R. Blazer