# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| BEE WAREHOUSE, LLC; DAVIS PRODUCT CREATION AND CONSULTING, LLC d/b/a BEESNTHINGS<br><br>    Plaintiffs,<br><br>v.<br><br>BRIAN BLAZER d/b/a CARPENTER BEE SOLUTIONS,<br><br>    Defendant. | Civil Action No.1:22-cv-1623-CLM<br><br><br><br>**JURY TRIAL DEMANDED** |

## SUPPLEMENTAL BRIEF OPPOSING MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Defendant Brian Blazer d/b/a Carpenter Bee Solutions ("Defendant" or "Blazer"), and files this Supplemental Brief opposing Plaintiffs Motion for Preliminary Injunction (D.I. 3) and in opposition thereto states as follows:

**There is a Very High Bar to Granting Plaintiff's Requested Injunction**

First, Plaintiff's requested injunction would require Blazer to affirmatively say to Amazon that Plaintiffs' products do not infringe the claims on the '421 Patent. Such an injunction is significantly different from an injunction prohibiting

a patentee from making accusations of infringement, because Plaintiffs requested injunction would affirmatively compel speech. But the First Amendment to the U.S. Constitution protects Mr. Blazer's right to be free from such compelled expression. *U.S. v. United Foods, Inc.*, 535 U.S. 405, 410 (2001). The Supreme Court has held that "no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." *West Virginia State Board of Education v. Barnette,* 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943). This prohibition on compelled speech protects children from being required to recite the Pledge of Allegiance. *Id*. It protects motorists from being required to display state mottos on their license plates. *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). The First Amendment similarly protects Mr. Blazer from being forced by this or any other Court to speak words that he believes are not true. In fact, there is no precedent at the Federal Circuit for an injunction such as the one Plaintiffs' request. Plaintiffs ask the Court to enter uncharted waters. The Court should be wary of doing so.

Even assuming they were seeking a Constitutionally permissible remedy, Plaintiffs would still have to show that Mr. Blazer's infringement allegations are objectively baseless. To establish objective baselessness, Plaintiffs must show by clear and convincing evidence that no reasonable litigant could ever expect to succeed on Blazer's claims of infringement. *800 Adept, Inc. v. Murex Securities,*

*Ltd.*, 539 F.3d 1354, 1370 (Fed. Cir. 2008). This is an almost impossible showing to make at this stage of the case, before infringement and invalidity contentions, before claim construction, before expert reports, before summary judgment, etc. *See GP Industries, Inc. v. Eran Industries, Inc.*, 500 F.3d 1369, 1373-74 (Fed. Cir. 2007)(noting "the rarity of an injunction being granted against communicating with others concerning one's patent rights;" further noting that such an injunction "is strong medicine that must be used with care and only in exceptional circumstances."); *see also Lite-Netics, LLC v. Nu Tsai Capital LLC*, No. 23-1146 (Fed. Cir. Feb. 17, 2023)(Patentee's "position ... has not been shown, at this stage of the litigation (before, *e.g.,* full claim-construction proceedings or possible expert reports on infringement), to be objectively baseless."). In fact, since the *Mikon Gaming* case in 1998, Blazer has been unable to locate a single case in which the Federal Circuit, at this early stage of the case, upheld a preliminary injunction barring a patentee from asserting patent rights. On the contrary, a long list of such cases have been decided in the Patentee's favor, rejecting an injunction. *See e.g., Lite-Netics, LLC v. Nu Tsai Capital LLC*, No. 23-1146 (Fed. Cir. Feb. 17, 2023); *Myco Industries Inc. v. BlaphEx, LLC,* 955 F.3d 1 (Fed. Cir. 2020)*; Judkins v. HT Window Fashion Corp.,* 529 F.3d 1334 (Fed. Cir. 2008)*; GP Industries, Inc. v. Eran Industries, Inc.*, 500 F.3d 1369 (Fed. Cir. 2007). The Federal Circuit has even held that, if a district court "determines the patent in question is not

necessarily invalid or unenforceable, the objective baselessness requirement is not met, and no injunction should issue." *Judkins v. HT Window Fashion Corp.,* 529 F.3d 1334, 1339 (Fed. Cir. 2008). Here, no allegation of invalidity or unenforceability has even been raised at this stage, thus completely barring the issuance of any injunction.

**The Federal Circuit's Claim Construction and Plaintiffs' Trap Design Both Changed**

Plaintiffs have pointed to Blazer's statement in a related that case that a different bee trap design did not infringe the claims of the '421 Patent as those claims were then construed by this Court. The Court has asked the parties to address what, if anything, has changed since then. First, respectfully, the Court is asking the wrong question. The correct question is whether Blazer's current allegation of infringement is or is not objectively baseless. Answering that question requires analyzing those allegations by themselves. Asking whether Mr. Blazer subjectively changed his mind improperly veers into questions of subjective bad faith, questions which the Court cannot address unless and until it finds objective bad faith.

Even if the Court were to address "what changed," the answer is clear. First, the claim construction of "receptacle adapter" changed. This Court had previously construed "receptacle adapter" as "a device that is part of the trap entrance unit that receives the receptacle and attaches the receptacle to the trap." This is a very narrow construction. It requires the receptacle adapter to be: a single device; part of the trap entrance unit; and to attach the receptacle to the trap. Subsequently, the Federal Circuit construed "receptacle adapter" as "a structure configured to receive and help retain a receptacle." The Federal Circuit's construction is significantly broader than this Court's. First, "a structure" is broader than " a device," not least because a structure can comprise one or more individual structures, and is therefore not even arguably limited to a single device. Second, the Federal Circuit's construction does not require the receptacle adapter to be part of the trap entrance unit, making it far broader than this Court's prior construction. Finally, the Federal Circuit's construction only requires that the receptacle adapter "help retain" a receptacle, which is broader than this Court's requirement that the receptacle adapter "attaches the receptacle to the trap." Any number of structures could "help retain" the receptacle, while not fully attaching the receptacle to the trap entrance unit. In addition to these three changes in claim construction, Plaintiffs' trap design also changed. The previous design used screws through plastic tabs on the side of the trap entrance unit. The Bee Warehouse design at issue here uses screws

through the top of the receptacle and into the bottom of the trap entrance unit, very near the exit opening of the trap entrance unit. This new location of the screws means it is much easier to argue that the screws are located at the exit opening of the trap entrance unit. Together, the broader claim construction and the changed trap design enabled Mr. Blazer to offer allegations of infringement to Amazon that he was not able to make in the prior related case.

**Statutory Bases for Finding Good Faith**

The Alabama statute under which Plaintiffs seek relief sets forth several statutory bases for determining whether a patent infringement allegation has been made in bad faith. Every one of those factors favors Mr. Blazer. For example, Mr. Blazer's allegation of infringement to Amazon contained the patent number, Mr. Blazer's name and contact information, and factual allegations concerning the specific areas in which the target's products, services and technology infringe the patent or are covered by the claims in the patent. AL Code s 8-12A-2(f)(1) (2014). Mr. Blazer's claim chart demonstrates that he "egage[d] in a good faith effort to establish that the target has infringed the patent." *Id*. at (f)(3). Mr. Blazer's extensive licensing demonstrates that he "makes a substantial investment in the use of the patent." *Id*. at f(4). Further, Mr. Blazer is the inventor of the patent (id. at (f)(5), and has successfully enforced his patent through prior litigation, including against Amazon, eBay, Chrisman Mill Farms, Best Bee Brothers, and several

others who have taken licenses to the '421 Patent (id. at (f)(6)). The Court should consider the same factors as are listed in the statute under which Plaintiffs are suing, and should easily find at least objective good faith based on those factors.

**Irreparable Harm**

Plaintiffs' sole alleged irreparable harm is their alleged inability to sell the accused bee traps on Amazon.com But Plaintiff DPCC, LLC has long since been barred from selling ANY bee traps on Amazon.com, and thus cannot have been irreparably harmed as alleged. Moreover, Plaintiff Bee Warehouse, LLC is nothing more than a shell corporation, formed by Mr. Cifford Davis, also the principal of DPCC, LLC, in a clear attempt to circumvent Amazon's ban. The Court should not pretend Amazon would knowingly permit Mr. Davis to sell bee traps through Bee Warehouse LLC when it would not permit such sales through DPCC, LLC. To do so would reward Plaintiffs merely for creating a sham corporation. Further, Plaintiffs are presently able to sell thousands of bee traps through DPCC, LLC to Lowe's, Home Depot, Tractor Supply, and possibly other retail outlets. Plaintiffs have not shown that the loss of one marketing channel - Amazon.com - has materially impacted their total sales. Even if they could make such a showing, they have not suffered irreparable harm not least because lost sales can always be compensated through money damages.

**CONCLUSION**

At the very least, Mr. Blazer has alleged in good faith that the Bee Warehouse trap infringes claims 13-17 and 21 of his '421 Patent. That alone means the Court must deny Plaintiffs' Motion for Preliminary Inunction.

Respectfully submitted this 28th day of April, 2023.

/s/ Joseph J. Gleason
Joseph J. Gleason
Georgia Bar No. 297202
**GLEASON LAW LLC**
780 Morosgo Drive #14084
Atlanta, Georgia 30324
Telephone: (404) 594-3550
Email: joe@gleason.legal

Steven M. Brom
Alabama Bar No. BRO202
**BACHUS BROM & TAYLOR LLC**
3125 Blue Lake Drive
Suite 101
Birmingham, Alabama 35243
Telephone: (205) 970-7775
Facsimile: (205) 970-7776
Email: sbrom@bachusbrom.com

**Attorneys for Defendant**