FILED
2023 May-26 PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| BEE WAREHOUSE, LLC; <br> DAVIS PRODUCT CREATION <br> AND CONSULTING, LLC d/b/a <br> BEESNTHINGS, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN BLAZER d/b/a <br> CARPENTER BEE SOLUTIONS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 1:22-cv-01623-CLM <br> ) **OPPOSED** <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), OR IN THE ALTERNATIVE, RULE 12(b)(6), AND BRIEF IN SUPPORT**

Pursuant to Rule 12(b)(1) and/or (6) of the Federal Rules of Civil Procedure, plaintiffs Bee Warehouse, LLC and Davis Product Creation and Consulting, LLC d/b/a BeesNThings (collectively, "Plaintiffs") move to dismiss Count II of defendant Brian Blazer's ("Blazer") Amended Answer, Affirmative Defenses and Counterclaims (the "Amended Counterclaim") (Doc. 33) for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. Counsel for Plaintiffs, via email, discussed this motion with Blazer's counsel and he indicated that Blazer would oppose this motion.

## I. INTRODUCTION

This is a patent infringement case involving carpenter bee traps. Plaintiffs commenced this case on December 30, 2022. (Doc. 1). Plaintiffs were forced to seek redress from the Court after Blazer filed/submitted a notice of infringement to Amazon.com ("Amazon") claiming that certain carpenter bee traps (the "Bee Warehouse Trap") infringed some disclosed number of claims of the '421 Patent. On February 7, 2023, Blazer filed his first Answer, Affirmative Defenses and Counterclaim alleging only infringement of claims 13-17 and 21 of U.S. Patent No. 46,421 Patent as the only count, Count I. (Doc. 4 at p. 32).

On May 5, 2023, Blazer filed the Amended Counterclaim on May 5, 2023 and for the first time made a claim against Plaintiffs under 35 U.S.C. § 292 for false patent marking (the "False Marking Claim"). (Doc. 33 at pp. 35-37).[1] The False Marking Claim alleges that certain packaging accompanying a carpenter bee trap claiming that the trap is covered by U.S. Patent D923,742 harmed Blazer. For the reasons explained below, the False Marking Claim is due to be dismissed on subject matter jurisdiction and/or failure to state a claim grounds.

## II. BLAZER LACKS STANDING FOR THE FALSE MARKING CLAIM

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue."

---

[1] This was the last day that the pleadings could be amended without leave of the Court. (Doc. 20).

Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). The Supreme Court has held repeatedly that the rules of standing "are threshold determinants of the propriety of judicial intervention," and "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth v. Seldin, 422 U.S. 490, 517-18 (1975).

Attacks on subject matter jurisdiction, which are governed by Rule 12(b)(1), come in two forms: facial and factual attacks. Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990). A "facial attack" challenges whether a plaintiff "has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. at 1529. A "factual attack," in contrast, challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered. Id. Thus, a district court evaluating a factual attack on subject matter jurisdiction "may proceed as it never could" at summary judgment and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. "[A] factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008). "During a factual attack, the defendant challenges the accuracy of the allegations,

not their sufficiency." Longo v. Seminole Indian Casino Immokalee, 110 F. Supp. 3d 1252, 1253 (M.D. Fla. 2015), aff'd, 813 F.3d 1348 (11th Cir. 2016). "[W]hen evaluating a factual attack, the trial court is free to weigh the evidence in support of the jurisdictional claim even when material issues of fact exist." Id. at 1253-54. Here, Blazer's False Marking Claim is due to be dismissed as it fails both facially and factually to establish subject matter jurisdiction.

While the law prohibits false patent marking of devices, **only** a plaintiff who has suffered a competitive injury from the false marking may bring suit. The false marking statute prohibits a party from marking a product with a patent number without the consent of the patentee. 35 U.S.C. § 292(a). Only a person "who has suffered a competitive injury as a result of a violation of this section" may bring an action to enforce Section 292(a). 35 U.S.C. § 292(b); Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1373 (Fed. Cir. 2013) (plaintiff must prove that it "suffered a competitive injury as a result of the false marking" to have statutory standing for false marking claim). Competitive injury is a "wrongful economic loss caused by a commercial rival, such as the loss of sales due to unfair competition [or] a disadvantage in a plaintiff's ability to compete with a defendant." Sukumar v. Nautilus, Inc., 785 F.3d 1396, 1400 (Fed. Cir. 2015). In the false-marking context, the injury must be one inflicted on a party's competitive activity and caused by the false marking. Id. at 1402; Gravelle v. Kaba Ilco Corp., 684 Fed. Appx. 974, 979

4

(Fed. Cir. 2017) (affirming summary judgment for defendant on false marking claim due to "lack of concrete, non-speculative evidence of causation of an actual injury").

To make out a 35 U.S.C. § 292 claim of false marking, the plaintiff bears the burden of proving: "(1) marking an unpatented article; and (2) intent to deceive the public." 35 U.S.C. § 292(a); see also Juniper Networks, Inc. v. Shipley, 643 F.3d 1346, 1350 (Fed. Cir. 2011) (quoting Forest Grp. Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009)). Additionally, as required by the America Invents Act of 2011, to bring a private enforcement action for false marking, a party must show that they have suffered a "competitive injury." 35 U.S.C. § 292 (2016); Hall, 705 F.3d at 1373. While federal district courts have often referred to the competitive injury requirement as a third element required to plead a false marking claim, the Federal Circuit describes this as a standing requirement. Sukumar, 785 F.3d at 1402.

### Count II of The Amended Counterclaim Fails to Establish Subject Matter Jurisdiction on Its Face

Count II of the Amended Counterclaim fails to allege facts sufficient to give this Court subject matter jurisdiction. Indeed, even if all of Blazer's allegations are taken as true, none of them show that he is a competitor in the relevant market, i.e., carpenter bee traps, or that he has any intent to enter the market. This material omission renders Blazer's False Marking Claim jurisdictionally defective.

In fact, the Amended Counterclaim is identical to Blazer's original Answer, Affirmative Defenses and Counterclaim except for the addition of Count II—the

False Marking Claim. As such, despite having two (2) opportunities to do so, Blazer failed to allege, generally or specifically, that he is a competitor in the carpenter bee trap market or had any plans to enter the marketplace. Nor does Blazer plead any facts supporting even an inference that he is such a competitor. This failure deprives the Court of subject matter jurisdiction to hear the False Marking Claim. For this reason alone, the Court should dismiss Count II of the Amended Counterclaim for lack of subject matter jurisdiction.

The Amended Counterclaim Fails to Establish Subject Matter Jurisdiction Factually

The False Marking Claim is also due to be dismissed because subject matter jurisdiction is lacking factually as well. Indeed, the extrinsic record evidence plainly shows that Blazer is not a competitor in the carpenter bee trap market and has not been for some period of time. This incontrovertible fact dooms Blazer's False Marking Claim too.

On January 22, 2021, Blazer was deposed in Civil Action No. 1:19-cv-00848-CLM. (See Exhibit A, a true and correct copy of Blazer's Deposition Transcript). In his sworn testimony, Blazer testified several times that he only sold a couple of carpenter bee traps but has not sold bee traps for a long time. The excerpts below clearly establish that Blazer is not in the marketplace:

- "A. I don't think that will tell bee trap sales. You know, those sales would have been -- would have been through the

> website because we -- that's the only place we sold off of. And then, we turned all that website over to other people, licensees. And so, we don't control the website[2] at all anymore." (Exhibit A at pp. 119, ll. 22-23; 120, ll. 1-5).

- "Q. Why did they request that you turn [the website www.carpenterbeesolutions.com] over? Or why did they say you should?

  A.   They said it would really boost sales and it would do this and that, the other thing. I was going to change it to just an informational site that didn't sell anything, it just taught about carpenter bees and stuff, but they insisted they needed it for their sales numbers and stuff like that, you know." (Exhibit A, pg. 190, ll. 4-14).

In summary, Blazer's testimony confirms that he really only ever sold carpenter bee traps through this website, www.carpenterbeesolutions.com, and that he turned that website over to one (or several) of his licensees at some point in time before 2021.

Also significantly, Blazer's Facebook page for Carpenter Bee Solutions, located at https://www.facebook.com/Carpenter-Bee-Solutions-603684439718647,

---

[2] The website in question is www.carpenterbeesolutions.com. Today, that website is no longer functional. (See Exhibit B).

has not been updated since 2016. (See Exhibit C). Finally, it is also key to point out that on February 2, 2022, Blazer, in Civil Action No. 1:19-cv-00848-CLM, filed an "Answer, Affirmative Defenses and Counterclaims" to DPCC's Consolidated Complaint in that case making clear that while he used to sell certain carpenter bee traps, he no longer does so. (Doc. 177, at pp. 28-29, a true and correct copy of which is attached as Exhibit D).

To be sure, Blazer's own testimony together with pleadings filed on his behalf establish that he is not a competitor in the carpenter bee trap market and has not been for some period of time. These facts, coupled with Blazer's lack of any allegation in the Amended Counterclaim that he is a competitor, can lead to only one conclusion: Blazer lacks standing to bring any claim against Plaintiffs for false patent marking. Thus, Count II of the Amended Counterclaim is due to be dismissed for lack of subject matter jurisdiction.

### III.   THE FALSE MARKING CLAIM IS DUE TO BE DISMISSED UNDER RULE 12(b)(6) TOO.

In the alternative, the False Marking Claim is due to be dismissed for failure to state a claim upon which relief can be granted. To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While all reasonable inferences are drawn in favor of the non-movant, unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. Abraham v. Greater Birmingham Humane Soc'y, Inc., 2014 WL 1043230, *1 (N.D. Ala. Mar. 17, 2014) (citing Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003)).

As indicated above, to make out a 35 U.S.C. § 292 claim of false marking, among other things, Blazer bears the burden of proving that Plaintiffs intended to deceive the public. 35 U.S.C. § 292(a); Juniper Networks, Inc. v. Shipley, 643 F.3d at 1350. In order to show that there was intent to deceive in a false marking claim, the Rule 9(b) heightened pleading standard applies. In re BP Lubricants USA Inc., 637 F.3d 1307, 1311 (Fed. Cir. 2011). "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005) (citing Seven Cases of Eckman's Alterative v. United States, 239 U.S. 510, 517–518, (1916)). Requiring an intent to deceive precludes strict liability for products mismarked as patented. Clontech Labs., 406 F.3d at 1352 (declining to construe the false marking statute as one imposing strict liability.)  The bar for proving deceptive intent in the context of a false marking case is "particularly high,

given that the false marking statute is a criminal one, despite being punishable only with a civil fine." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1363 (Fed. Cir. 2010).

In this case, Count II falls drastically short of being well-pled. In fact, nowhere in the Amended Counterclaim does Blazer even mention any intention by the Plaintiffs to deceive the public, much less plead this element of the cause of action with the particularity required by Rule 9 and the applicable case law. Accordingly, even taking every allegation in the Amended Counterclaim as true, Count II is due to be dismissed under Rule 12(b)(6) for failure to state a claim.

There is one additional problem with Count II under Rule 12(b)(6). Although, as discussed above, Plaintiffs firmly believe that Count II is due to be dismissed for lack of subject matter jurisdiction, even if the Court were to find that it had jurisdiction, Blazer's allegations of competitive injury in the Amended Counterclaim are merely conclusory and fail to survive the pleading requirements set forth by Rule 12(b)(6). The only allegation of injury made by Blazer in relation Count II is that Plaintiffs' actions "have caused significant economic damage to Blazer in the form of at least actual confusion in the marketplace, potential sellers refusing to deal with Blazer and infringers refusing to take a license to … Blazer's patent." (Doc. 33 at ¶ 42). But these bare conclusory allegations are not sufficient to survive dismissal. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

10

factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

In this case, rather than support the allegation of competitive injury with factual allegations sufficient to indicate that these injuries actually occurred, Blazer has relied on vague, conclusory assertions. Indeed, there are no detailed allegations of any actual confusion in the marketplace, potential sellers have refused to deal with Blazer or infringers refused to take a license to Blazer's patent. This is improper. See, e.g., Thermolife Int'l LLC v. Aesthetic Dist., LLC, 2020 WL 12581996 (D. Ariz. 2020) (dismissing a false marking claim for failure to provide any specific allegations to support the contention that plaintiff has suffered damage, lost goodwill and lost sales and profits due to the alleged false marking); Two Moms & a Toy, LLC v. Int'l Playthings, LLC, 898 F. Supp. 2d 1213, 1218 (D. Colo. 2012) (dismissing false patent marking claims under Rule 12(b)(6) because it failed to plead specifics of an actual competitive injury; the plaintiff merely asserted that "it could lose or that it could have already lost potential licensees," which is insufficient to give a plaintiff a right to recover under the statute).

Simply put, these threadbare allegations do not survive Rule 12(b)(6). See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."); see also In re BP

Lubricants USA Inc, supra (allegations of false patent marking not sufficient when they only assert "that a defendant is a 'sophisticated company' and 'knew or should have known'" that its product was falsely marked).

Finally, since the Amended Counterclaim was filed on the last day to amend the pleadings in this case, Blazer should not be entitled to file yet a third counterclaim to fix any of the pleading deficiencies addressed in this motion under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court enter an order dismissing Count II of the Amended Counterclaim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6) without leave to file an amendment.

[INTENTIONALLY LEFT BLANK]

*S/C. Gregory Burgess*
C. Gregory Burgess (ASB-1519-R79C)
Jeremy A. Smith (ASB-1731-J73S)

**Attorneys for plaintiffs Bee Warehouse, LLC and Davis Product Creation and Consulting, LLC d/b/a BeesNThings**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087 (35804)
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email: cgb@lanierford.com
          jas@lanierford.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| STEVEN M. BROM<br>**BACHUS, BROM & TAYLOR, LLC**<br>3125 Blue Lake Drive, Suite 101<br>Birmingham, Alabama 35243<br>Telephone: (205) 970-6747<br>Email: sbrom@bachusbrom.com | JOSEPH J. GLEASON<br>**STANTON LAW LLC**<br>410 Plasters Avenue NE, Suite 200<br>Atlanta, Georgia 30324<br>Telephone: 404-881-1288<br>Email: joe.gleason@stantonlawllc.com |

*S/C. Gregory Burgess*
C. Gregory Burgess